**RESOLUTION TRUST CORPORATION, as Receiver for Missouri Savings and Loan Association, F.A., Plaintiff,**

v.

**Lawrence J. SULLIVAN, Defendant.**

No. 91–659 C (5).

United States District Court, E.D. Missouri, E.D.

Sept. 18, 1991.

---

**450**

Dorothy White Coleman, Michael I. Lawrence, Peoples Hale & Coleman, St. Louis, Mo., for plaintiff.

J. Lloyd Wion, Clayton, Mo., for defendant.

## MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff Resolution Trust Corporation, as receiver for Missouri Savings Association (MSA) has filed a four-count claim for a deficiency judgment as a result of a foreclosure sale on four parcels of real estate located in Texas. This action is filed pursuant to 12 U.S.C. § 1819 and 28 U.S.C. § 1345. Venue in this district is predicated upon 28 U.S.C. § 1391(b).

In August of 1983 Sandstone Associates, Ltd., an Ohio limited partnership, borrowed approximately $180,000.00 to purchase four condominiums in Ft. Worth, Texas. This transaction was executed upon four promissory notes and secured by four separate deeds of trust. Subsequently, in August of 1983, Turner–Young Investment Co. (TYIC) the original lender, sold the notes and deeds of trust to MSA. In March of 1987, an assumption agreement with release was executed by Sandstone to defendant Sullivan. All obligations of Sandstone under the four notes and deed of trust were conveyed to defendant Sullivan. On or about April 1, 1990, plaintiff alleges that defendant Sullivan defaulted on each of the four notes. On or about June 5, 1990, each of the four parcels of Texas real estate was sold at foreclosure to MSA.

Defendant moves to quash service of process and dismiss this case for improper venue or in the alternative to transfer this action to the United States District Court sitting in Las Vegas, Nevada. Plaintiff claims that venue is proper in this Court under 28 U.S.C. § 1391(b) because the claim at issue arose in Missouri.

Under 28 U.S.C. § 1391(b) venue is proper in the judicial district where all defendants reside or in which the claim arose. Defendant Sullivan presently resides in Las Vegas, Nevada. Thus, plaintiff may establish venue in the Eastern District of Missouri only if the claim arose in this district.

The Supreme Court established the standard for determining where a claim arose under § 1391(b) in *Leroy v. Great Western United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). Although the Court accepted the notion that a claim might arise in more than one district, it proceeded to caution litigants that "[a] plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus of the claim." *Id.* at 185, 99 S.Ct. at 2717.

In applying the *Leroy* standard, the courts have adopted different tests for ascertaining where claims arose under § 1391. The Eighth Circuit has recently clarified its position on this issue. In *Missouri Housing Development Commission v. Brice*, 919 F.2d 1306, the Eighth Circuit discusses at great length the litany of cases which attempt to articulate the proper test under *Leroy* in which to establish venue pursuant to § 1391(b)—"where the claim arose." It finds that the cases of *Maybelline Co. v. Noxell Corp.*, 813 F.2d 901 (8th Cir.1987), *rev'g* 643 F.Supp. 294 (E.D.Ark.1986) and *Bredberg v. Long*, 778 F.2d 1285 (8th Cir.1985) suggested that the "substantial contacts" test endorsed by the Eighth Circuit's earlier decisions in *In re Nine Mile, Ltd.*, 692 F.2d 56 (8th Cir.1982) and *Gardner Engineering Corp. v. Page Engineering Co.*, 484 F.2d 27 (8th Cir.1973) was inconsistent with *Leroy* and no longer valid. *Missouri Housing Dev.*, at 1311. Ultimately, the Eighth Circuit pronounces the proper test for applying *Leroy*, i.e. a claim arises for venue purposes in the dis-

trict of the "weight of the contacts." *Id.,* at 1312. In reviewing a § 1391(b) issue as where a claim arose, a court must decide where a preponderance of contacts or events occurred which gave rise to the claim(s) being litigated. *Id.,* at 1312. *See also, Home Insurance Co. v. Thomas Industries,* 896 F.2d 1352 (11th Cir.1990), and *Broadcasting Co. of the Carolinas v. Flair Broadcasting Corp.,* 892 F.2d 372 (4th Cir.1989).

The present cause of action is the unusual case cited by *Leroy* wherein venue may be proper in more than one district. Events giving rise to MSA's claim occurred in at least three states: Missouri, Texas and California. However, for purposes of addressing the present motion, the Court will concentrate its review as to whether the plaintiff has properly established venue in Missouri under § 1391(b) pursuant to the "weight of the contacts" test.

MSA, a Missouri-based financial institution, was the current holder of the notes and deeds of trust which were the subject matter of the foreclosure sale. It acquired the rights to the foreclosed property by purchasing the notes and deeds of trust from TYIC. Exhibits attached to plaintiff's complaint clearly show that TYIC was to act as MSA's agent in servicing payments on the notes. Several years later, the original borrower Sandstone Associates and defendant Sullivan (who was a resident of California at the time) contacted MSA concerning defendant Sullivan assuming the fiscal obligations pertaining to the subject property. There is some question as to who contacted who first, but the exhibits clearly show that assumption agreements with releases were executed by MSA and defendant in Texas, Missouri and California. The foreclosure sale occurred in Texas.

Taking into account the totality of the circumstances in this case, the Court finds that a preponderance of the contacts giving rise to the claim are connected to Missouri. The only contact Nevada has with this case is that defendant currently resides there. It appears from the limited beginnings of this case that most witnesses and documents will come from Texas and Missouri. Consequently, the Court concludes that venue is proper in Missouri pursuant to 28 U.S.C. § 1391(b) [1].

---

1. The Court, therefore, does not need to address plaintiff's argument that defendant waived all objections to venue by filing an Answer and Request for Admissions.